UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY HERSEY,

          Plaintiff,

     v.

WESTLAKE FINANCIAL SERVICES, et al.,

          Defendants.

Case No. 25-cv-07282-NW

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Re: ECF No. 7

On August 28, 2025, self-represented Plaintiff Jeffery Hersey sued Westlake Financial Services ("Westlake") and two Westlake employees.[1]  Compl., ECF No. 1.  In addition, Plaintiff filed an application to proceed *in forma pauperis* ("IFP").  ECF No. 2.  Magistrate Judge DeMarchi denied Plaintiff's IFP application without prejudice.  28 U.S.C. § 915(e)(2).  After the deadline to amend had passed without Plaintiff filing a new application, the Court issued an order to show cause for failure to prosecute.  ECF No. 5.

On October 31, 2025, Judge DeMarchi issued a Report and Recommendation ("R&R") to refer Plaintiff's case to the undersigned judge and to dismiss Plaintiff's complaint.  R&R, ECF No. 7.  The Court adopts the R&R in full.

I.    **BACKGROUND**

On September 4, 2025, Judge DeMarchi denied Plaintiff's IFP application without prejudice, noting among other things that Plaintiff provided inconsistent information in the application and signed the document as "Hersey. Jeffrey D. Agent to Principal," "suggesting that he may have filed the complaint and IFP application on behalf of someone else, who remains

_____

[1] The two Westlake employees, Paul Kerwin and Noel De Leon, were terminated as Defendants on December 4, 2025.  *See* ECF No. 13.

United States District Court
Northern District of California

unidentified." ECF Nos. 2, 4. Judge DeMarchi ordered Plaintiff to either file a renewed and complete IFP application or pay the filing fee by September 26, 2025. ECF No. 4. Plaintiff did not file a renewed IFP application or pay the filing fee by the Court's September 26, 2025 deadline.

On October 8, 2025, Judge DeMarchi ordered Plaintiff to show cause by October 30, 2025, why his case should not be dismissed for failure to prosecute. ECF No. 5. On October 29, 2025, an individual identifying himself as "Hersey, Jeffrey D., Agent and Attorney-in-Fact for Principal JEFFERY HERSEY" filed a document titled "Emergency Motion and Restitution Request—Court Acknowledgement of Standing and Amended Contract Reference." ECF No. 6. The two-paragraph motion asked the Court to exercise its "inherent and sua sponte authority" to grant relief on the merits without awaiting a response from Westlake. *Id.*

On October 31, 2025, Judge DeMarchi issued an R&R, recommending that (i) the case be reassigned to a district judge, (ii) Plaintiff's October 29, 2025 Emergency Motion be denied, and (iii) the case be dismissed without prejudice for failure to comply with the Court's orders. ECF No. 7. Plaintiff's objections to the R&R were due by November 14, 2025.

On November 10, 2025, the individual identifying himself as "Hersey, Jeffrey D., Agent and Attorney-in-Fact for Principal JEFFERY HERSEY" filed an "Emergency Motion for Relief based on Physical Hardship and Humanitarian Consideration." ECF No. 9. Plaintiff did not file any other documents or objections before November 14, 2025.

On November 20, 2025, Plaintiff filed a document reiterating his claims and included photographs. ECF No. 10. He signed the document twice, once with his name "Jeffrey Hersey" and a second time as "Hersey, Jeffrey D."; elsewhere in the document he references "Agent and Attorney-in-Fact: Hersey, Jeffrey D." *Id.* Plaintiff made numerous additional filings over the next several weeks, including his December 4, 2026 "Third Amended Complaint," in which he describes allegations against "Toyota Motor Credit Corporation" and signed the document as himself and his "Agent & Attorney-in-Fact." ECF No. 13. To date, Plaintiff has not filed objections to the R&R, and has not provided the Court with a renewed and complete IFP request.

United States District Court
Northern District of California

2

## II.   LEGAL STANDARD

The district court's duties in connection with a magistrate judge's R&R are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).  Within fourteen days after being served with the R&R, a party may serve and file specific written objections to the proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  "Only objections that reference specific portions of the report and recommendation will trigger *de novo* review—general or conclusory objections do not suffice." *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017), aff'd, 772 F. App'x 580 (9th Cir. 2019).  The district judge must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  The district court need not review *de novo* an R&R to which neither party objects. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Courts have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.   DISCUSSION

While Plaintiff filed a document titled "Emergency Motion for Relief based on Physical Hardship and Humanitarian Consideration" on November 10, 2025, Plaintiff did not specifically object to or reference the R&R.  Even construing Plaintiff's Emergency Motion liberally, his filing does not contain information that is adequately specific to trigger *de novo* review.  Plaintiff did not address his noncompliance with the Court orders or provide reasons why this case should not be dismissed for failure to comply with these orders.  Instead, Plaintiff requested "immediate relief from the Court because of severe and unnecessary physical hardship caused by continued financial demands connected to a prepaid credit obligation described in [his] earlier filings."  ECF No. 9.

Following the expiration of the November 14, 2025 deadline, Plaintiff filed seven additional documents on the docket.[2]  ECF Nos. 10-16.  None of these filings raised any

[2] These documents are unrelated to the R&R, including Plaintiff's requests for an immediate

United States District Court
Northern District of California

objections to the R&R.

Accordingly, even construing Plaintiff's various filings liberally, Plaintiff has not objected to the R&R.  The Court finds the R&R correct, well-reasoned and thorough, and adopts it in every respect.

**IV.    CONCLUSION**

For the reasons set forth in the Report and Recommendation, Plaintiff's complaint is DISMISSED without prejudice for failure to comply with the Court's orders.  Plaintiff's October 29, 2025 Emergency Motion is DENIED.  Additionally, Plaintiff's procedural motions, ECF Nos. 9, 10, 12, are terminated as moot.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: January 27, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

---

hearing, discovery requests, requests for the Court's assistance with copies, envelopes and mailings, and a request to add a new defendant.

4